EXHIBIT 1

## COLLECTIVE FUND CUSTODY AGREEMENT

This Collective Fund Custody Agreement is made as of this _19th_ day of ___July___ 2004, between City of Pontiac Policemen's and Firemen's Retirement System ("Retirement System") and Northern Trust Investments, N.A. ("NTI"), a national banking association.

1. Appointment

The Retirement System hereby appoints NTI as custodian to maintain in the name of the Retirement System a custody account for the purpose of facilitating investment in one or more collective funds (each, a "Fund", collectively, the "Funds") maintained by NTI as collective fund trustee under the Plan and Declaration of Trust of the Northern Trust Global Investments Collective Fund Investment Trust for Employee Benefit Plans and the Declaration of Trust of the Northern Trust Global Investments-Quantitative Management Collective Funds Trust, as amended from time to time (each, a "Declaration", collectively, the "Declarations"). A copy of each Declaration is attached as Exhibit A.

2. Collective Fund Investments

(a) NTI shall, as soon as practicable, invest the assets transferred to it from the Retirement System pursuant to separate written instruction from the Retirement System in one or more of the Funds identified on Exhibit B ("Designated Funds") in such amount or proportion as directed.

(b) If it is not practicable for NTI to immediately invest any cash received by it as directed, then NTI shall invest such cash in The Northern Trust Company Short-Term Investment Fund until investment in the Designated Fund is practicable. The Northern Trust Company Short-Term Investment Fund is a collective fund maintained by The Northern Trust Company as trustee.

(c) The Retirement System may change the Designated Funds from time to time by filing a new Exhibit B with NTI, provided that the timing of any such change must be in accordance with Fund rules.

(d) NTI shall have no responsibility or accountability for Retirement System assets until they are received by it.

(e) In the event of termination of this Agreement, Federal law precludes continued participation by the Retirement System Fund in any Designated Fund. Accordingly, NTI must withdraw the value of the Retirement System's investment from all Designated Funds on the next valuation date (as defined in the Declarations) immediately following the date of termination. Pursuant to the terms of the Declarations, NTI in its capacity as collective fund trustee retains and will exercise discretion, based solely on its own judgment, to pay over the

value on such valuation date of the Retirement System's investment in the Designated Funds in cash, in kind, or in any combination thereof to such entity as the Retirement System directs. Written notice of termination by either party is irrevocable. Following the valuation date after termination, participation in the Funds may continue only upon execution of a new agreement by the Retirement System and NTI or its affiliate.

3. Collective Fund Withdrawals

NTI shall make withdrawals from the Designated Funds and shall distribute or invest assets so withdrawn pursuant to written direction of the Retirement System. The Retirement System understands that the collective fund trustee may require that part or all of any withdrawal from the Designated Funds be made in-kind.

4. Representation and Warranties by Retirement System

The Retirement System represents and warrants to NTI as follows:

(a) the Chairman of the Retirement System is authorized to execute this Agreement under the terms of the Retirement System and applicable plans:

(b) the Retirement System is a retirement pension, profit sharing or stock bonus Retirement System or collective trust fund composed of assets which are exempt from federal income taxation under Section 501 of the Internal Revenue Code of 1986, as amended ("Code"), by reason of qualifying under Section 401(a) of the Code or is a governmental plan within the meaning of Section 414(d) of the Code:

(c) the agreement or legislation creating the Retirement System ("Retirement System Agreement") authorizes investment in collective funds and provides that any declaration pursuant to which the Fund is maintained is incorporated by reference in the Retirement System Ordinance Agreement and shall prevail over any contrary provisions of the Retirement System Agreement or this Agreement; and

(d) investment of Retirement System assets in the Fund pursuant to this Agreement is in accordance with applicable law and the terms of the applicable plan and Retirement System Agreement.

The Retirement System further warrants that the foregoing representations shall be deemed to be continuing so long as the Retirement System participates in the Fund and that the Retirement System shall notify NTI in writing before or immediately upon the occurrence of any event which causes a change to the representations and warranties made hereunder.

5. Representation and Warranties by NTI

NTI represents and warrants to the Retirement System as follows:

(a) NTI has full power and authority to execute, deliver and perform this Agreement and has taken all necessary and proper action to authorize the execution and delivery of this Agreement; and

(b) NTI will perform its obligations hereunder in accordance with the terms of this Agreement; and

(c) NTI acknowledges that, in its capacity as collective fund trustee, it is an investment fiduciary as that term is defined under the Michigan Public Employee Retirement System Investment Act, Michigan Public Act No. 314 of 1965, with respect to Retirement System assets invested in any Fund maintained under the Declarations.

NTI further warrants that the foregoing representations shall be deemed to be continuing so long as the Retirement System participates in the Fund and that NTI shall notify the Retirement System in writing before or immediately upon the occurrence of any event which causes a change to the representations and warranties made hereunder.

6. Statements and Reports

NTI shall deliver to the Retirement System the following statements and reports:

(a) monthly statements of the Retirement System account showing all investments, receipts, disbursements and other transactions as of the close of business on the last business day of each month, with copies of such statements and reports delivered to the trustee of the Retirement System;

(b) such periodic Fund statements as may be required under the Declaration governing the Fund; and

(c) such additional reports or statements as may be agreed from time to time by the Retirement System and NTI.

7. Investments in Northern Trust Corporation Stock

Pursuant to the terms of the Declarations, certain of the passively managed Funds may maintain investments in Northern Trust Corporation ("NTC") stock. The Retirement System acknowledges that NTC is an affiliate of NTI and authorizes the investment in NTC common stock to the extent consistent with the investment objectives of any Funds in which Retirement System assets are invested.

8. Securities Lending

Pursuant to the terms of the Declarations, certain of the Funds may lend securities ("Lending Funds"). Any such securities lending will be in accordance with Department of Labor

Prohibited Transaction Class Exemptions 81-6 and 82-63. NTI's affiliate, The Northern Trust Company, has been appointed to serve as securities lending agent for the Lending Funds, with responsibility for administering the securities lending program. As compensation for such services, the Retirement System authorizes the payment by any Lending Fund in which Retirement System assets are invested of a monthly fee equal to 40% of the securities lending revenue earned by such Lending Fund (such revenue to be calculated net of rebates paid to the borrowers of securities and other expenses). If the Retirement System subsequently notifies NTI that it no longer desires Retirement System assets to be included in the securities lending program, NTI will cause such Retirement System assets to be redeemed from any Funds that lend securities within thirty (30) days following its receipt of such notice.

9. <u>Compensation and Reimbursement</u>

NTI shall receive such reasonable compensation for its services as may be agreed by the parties in writing from time to time. The initial fees are set forth in Exhibit C to this Agreement.

10. <u>Limitation on Custodian's Liability</u>

NTI shall be entitled to rely upon any direction, notice or other communication or document it receives from the Retirement System pursuant to this Agreement.

11. <u>Governing Law</u>

The terms and provisions of this Agreement shall be construed and governed in accordance with the laws of the State of Michigan to the extent that such laws are not preempted by the laws of the United States of America. The invalidity of any part of this Agreement shall not affect the remaining parts thereof.

12. <u>Notices</u>

Notices or other communications relating to this Agreement shall be sent as follows:

(a)   If to NTI:

Northern Trust Investments, N.A.
Attention:
181 West Madison Street
Chicago, IL 60603

(b)   If to the Retirement System:

Board of Trustees of the City of Pontiac Policemen's and Firemen's
Retirement System
c/o Ellen Zimmermann, Administrator
47450 Woodward Avenue

Pontiac, Michigan 48342

13. <u>Entire Agreement</u>

This Agreement, together with the Declarations, embodies the entire agreement between the parties and supersedes any and all prior commitments, agreements, representations and understandings, whether written or oral, relating to the subject matter hereof and may not be contradicted or varied by evidence of prior, contemporaneous, or subsequent oral agreements or discussions of the parties hereto.

14. <u>Amendment</u>

The provisions of this Agreement may be amended or waived only by an instrument in writing signed by the parties hereto.

15. <u>Termination</u>

Each of the parties hereto may terminate this Agreement by giving to the other party thirty (30) days written notice of such termination.

16. <u>Assignment</u>

Neither the Retirement System nor NTI may assign this Agreement without the prior written consent of the other, except that NTI may assign its rights and delegate its duties hereunder to any corporation or entity which directly or indirectly is controlled by, or is under common control with, NTI. Any entity which shall by merger, consolidation, purchase or otherwise, succeed to substantially all the trust business of NTI shall, upon such succession and without any appointment or other action by the Retirement System, be and become successor custodian hereunder, upon notification to the Retirement System.

17. Dispute Resolution

The parties hereto agree that, in the event of litigation between them concerning this Agreement, their performance hereunder, or the affairs of the Account, such litigation shall be commenced only in the United States District Court for the Eastern District of Michigan, Southern Division, and each party specifically waives any objection to venue of such action in such court, and further each party consents that service of process in such matters may be accomplished by registered letter to the place designated herein for notice, together with the pleading to be served, whether such service is being accomplished within or without the State of Michigan.

18. No Discrimination

NTI, for itself and for its subcontractors, covenants not to discriminate against an employee or applicant for employment with respect to hire, tenure, terms, conditions, or privileges of employment, or a matter directly or indirectly related to employment because of race, color,

2332/N/NTI-NTIQMCollFundCustAgrmt w-Arbitration

-5-

religion, national origin, age, sex, height, weight, or marital status, or because of a disability that is unrelated to the individual's ability to perform the duties of a particular job or position. Breach of this covenant may be regarded by Retirement System as a material breach of this Agreement.

**IN WITNESS WHEREOF**, the parties hereto have caused this Agreement to be executed as of the day and year first written above.

CITY OF PONTIAC POLICEMEN'S AND FIREMEN'S RETIREMENT SYSTEM

By: _____

Its: ___Chairman___

NORTHERN TRUST INVESTMENTS, N.A.

By: _____

Its: ___Vice President___

## EXHIBIT B

## DESIGNATED COLLECTIVE FUNDS

The Board of Trustees, on behalf of the City of Pontiac Policemen's and Firemen's Retirement System ("Retirement System"), hereby designates the following collective funds for investment by the Retirement System from time to time in such proportions or amounts as the Retirement System shall direct in writing:

**NTGI COLLECTIVE DAILY INTERMEDIATE GOV/CREDIT INDEX FUND- LENDING**

CITY OF PONTIAC POLICEMEN'S AND FIREMEN'S RETIREMENT SYSTEM

By: _____
Its: Chairman

NORTHERN TRUST INVESTMENTS, N.A.

By: _____
Its: Vice President

# EXHIBIT C

# FEES

First $25 million @ 8 basis points
Next $25 million @ 6 basis points
Balance @ 3 basis points

CITY OF PONTIAC POLICEMEN'S AND FIREMEN'S RETIREMENT SYSTEM

By: _____

Its: _____Chairman_____

NORTHERN TRUST INVESTMENTS, N.A.

By: _____

Its: _____Vice President_____