IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE BOARD OF TRUSTEES OF THE CITY
OF PONTIAC POLICE & FIRE
RETIREMENT SYSTEM,  On Behalf of Itself
and All Others Similarly Situated,

                    Plaintiff,

      vs.

NORTHERN TRUST INVESTMENTS, N.A.,
and THE NORTHERN TRUST COMPANY,

                  Defendants.

Civil Action No. 2:10-cv-11083
Hon. George Caram Steeh
Magistrate R. Steven Whalen

CLASS ACTION REPRESENTATION

_____

**PLAINTIFF'S EX PARTE MOTION
FOR LEAVE TO TRANSFER VENUE TO THE NORTHERN
DISTRICT OF ILLINOIS, EASTERN DIVISION**

Now comes the Plaintiff by and through its attorneys, Sullivan, Ward, Asher & Patton,

P.C., and hereby moves this Honorable Court to enter an order transferring venue in the above

captioned matter to the Northern District of Illinois, Eastern Division:

1.      Plaintiff filed a Complaint in this matter on March 17, 2010 (R. 1), and an

Amended Complaint (R. 8), on June 25, 2010.

2.      Plaintiff has not served the Complaint as of this date.

3.      Plaintiff has learned that related putative class actions are pending in the Northern

District of Illinois, Eastern Division:

- Firefighters' Retirement System v Northern Trust/Case #09-07203/ Hon.
  William T. Hart
- Diebold v Northern Trust /Case #09-01934/Hon. William T. Hibbler

- Public School Teachers Pension & Retirement Fund of Chicago v Northern Trust /Case #10-00619 / Hon. Rebecca R. Pallmeyer

4. There is also an individual action pending in the U.S.D.C. Northern District of Illinois (BP v Northern Trust/Case #08-06029; Judge Hibbler).

5. The cases pending before Judge Hibbler were filed first.

6. Plaintiff has learned that plaintiffs in the Illinois putative class actions listed above intend to seek consolidation.

7. Plaintiffs believe it is in the best interest of judicial economy to have these cases tried in the same court before the same judge.

8. Defendant The Northern Trust Company ("NTC") is a financial holding company based in Chicago, Illinois (Complaint, R. 6, ¶12; Amended Complaint R. 8, ¶12).

9. Defendant Northern Trust Investments, N.A. ("NTI") has its principal place of business in Chicago, Illinois (Complaint, R. 6, ¶13; Amended Complaint, R. 8., ¶13).

10. Plaintiff respectfully requests this Honorable Court enter an order pursuant to 28 U.S.C. § 1404(a) transferring this matter to the Northern District of Illinois, Eastern Division, so that this case can be more efficiently litigated with the other pending actions.

Respectfully submitted,

s/Sharon S. Almonrode_____
Sullivan, Ward, Asher & Patton, P.C.
248.746.0700
salmonrode@swappc.com
P33938

2

## TABLE OF CONTENTS

**STATEMENT OF ISSUE PRESENTED** ................................................................................ii

**CONTROLLING AUTHORITY** ...................................................................................... iii

**INDEX OF AUTHORITIES** ...............................................................................................iv

**BRIEF IN SUPPORT OF MOTION FOR CHANGE OF VENUE** .................................1

    **I.**    **Introduction** ...........................................................................................................1

    **II.**    **Statement of Facts** ...............................................................................................2

    **III.**    **Legal Argument** ...................................................................................................3

    **IV.**    **Relief Requested** ..................................................................................................6

## <u>STATEMENT OF ISSUE PRESENTED</u>

Should Plaintiff's Ex Parte Motion for Change of Venue be granted pursuant to 28 U.S.C. § 1404(a) where related actions are pending in the United States District Court, Northern District of Illinois?

Plaintiffs' Answer: Yes

<u>**CONTROLLING AUTHORITY**</u>

28 U.S.C. § 1404(a)

## <u>INDEX OF AUTHORITIES</u>

**Cases**

*Essex Crane Rental Corp v Vic Kirsch Constr. Co* , 486 F. Supp. 529 (S.D.N.Y. 1980) .............. 5

*Farmer Bros. Co. v Coca-Cola Co.,* 366 F Supp 725  (S.D.Tex. 1973)......................................... 5

*Full-Sight Contact Lens Corp. v Soft Lenses, Inc.* 466 F. Supp. 71 (S.D.N.Y. 1978)................... 5

*Hawkins v General Controls Corp.* 225 F. Supp. 971 (S.D.N.Y. 1964) ....................................... 5

*Kerobo v Southwestern Clean Fuels, Corp. 285 F.3d 531 (6th Cir 2002)* ..................................... 5

*McNic Oil & Gas Co. v Ibex Resources Co.* 23 F. Supp. 2d 729 (E.D. Mich 1998)...................... 5

*Philip Carey Mfg. Co. v Taylor*, 286 F.2d 782 (6th Cir. 1961), 366 U.S. 948, 6 L.Ed.2d 1242, 81

   S.Ct. 1903.................................................................................................................................. 4

*Plum Tree Inc. v Stockment, 488 F.2d 754* (3d Cir. 1973) ........................................................... 5

*Roberts Bros., Inc. v Kurtz Bros.,* 236 F. Supp. 471 (D.C. NJ. 1964) ........................................... 4

*Thompson Products, Inc. v Pennsylvania R. Co.* 147 F. Supp. 449 (D.C.N.Y. 1955) .................. 4

*United States v Kunkle,* 2006 U.S. Dist. Lexis 8654, 97 A.F.T.R. 1476 (W.D. Mich**.** 2006)........ 4

*United States v United Air Lines, Inc.* 216 F. Supp. 709, (D.C. Nev. 1962) ................................. 5

*VanDusen v Barrack,* 376 U.S. 612, 622 (84 S.Ct. 805, 11 L.Ed. 2d 945 (1964) ......................... 6

*Ziegler v Dart Industries, Inc.* 383 F. Supp. 362 (D.C. Del. 1974) ............................................... 5

**Statutes**

28 U.S.C.  § 1331, 1332, 1332(d), and 1367 ............................................................................... 1

28 U.S.C. § 1391............................................................................................................................1

28 U.S.C. § 1404............................................................................................................................ 5

28 U.S.C. § 1404(a) ...............................................................................................2, ii, iii, 2, 4, 6

**BRIEF IN SUPPORT OF MOTION FOR CHANGE OF VENUE**

I.      **Introduction**

Plaintiff brought this complaint in the United States District Court, Eastern District of

Michigan, against Defendants and alleged that this Court has jurisdiction pursuant to 28 U.S.C.

§ 1331, 1332, 1332(d), and 1367. R. 8, First Amended Complaint,¶14.

Venue was asserted in the Eastern District pursuant to 28 U.S.C. § 1391 because

Defendant does business in this District and its breaches took place in this District. *Id., ¶14.*

However, venue is also appropriate in the United States District Court, Northern District of

Illinois, as Defendants' principal place of business is located in that jurisdiction. Defendant, The

Northern Trust Company ("NTC"), is a financial holding company based in Chicago, Illinois.

*Id*., ¶12. Defendant, Northern Trust Investments, N.A. ("NTI"), has its principal place of

business in Chicago, Illinois. *Id., ¶13.* Plaintiff also alleged that the parties agreed to jurisdiction

in Michigan. Complaint, R. 1, ¶15.

Plaintiff has learned that related putative class actions are pending in the Northern

District of Illinois, Eastern Division:

- Firefighters' Retirement System v Northern Trust/Case #09-07203/ Hon. William T. Hart
- Diebold v Northern Trust /Case #09-01934/Hon. William T. Hibbler
- Public School Teachers Pension & Retirement Fund of Chicago v Northern Trust /Case #10-00619  / Hon. Rebecca R. Pallmeyer

There is also an individual action pending in the U.S.D.C. Northern District of Illinois

(BP v Northern Trust/Case #08-06029; Hon. Hibbler).

Further, the cases pending before Judge Hibbler were first filed. Plaintiff has also learned

that plaintiffs in the putative class actions listed above intend to seek consolidation. Plaintiff

believes it is in the best interest of judicial economy to have these cases tried in the same court

1

before the same judge and for that reason Plaintiff seeks a change of venue to the Northern District of Illinois, Eastern Division, so that this case can be more efficiently litigated with the other pending actions.  28 U.S.C. § 1404(a).

This Motion is Ex Parte because Defendant has not been served and the time for serving the summons has not expired.

## II.    <u>Statement of Facts</u>

Plaintiff is the trustee and plan administrator of the City of Pontiac Police and Fire Retirement System.  R. 8, First Amended Complaint, ¶ 13.  It is a public pension plan and trust established by the Charter and Municipal Code of the City of Pontiac, Michigan for the exclusive benefit of police, firemen and certain other employees of the Pontiac Police and Fire forces.  *Id.* The trustees are all citizens of the State of Michigan.  *Id.*

Defendant, The Northern Trust Company ("NTC"), is a financial holding company based in Chicago, Illinois.  *Id. at ¶12.*  Directly and/or through its affiliates, Northern Trust is a leading provider of investment management asset and fund administration, fiduciary and banking solutions for corporations, institutions and affluent individuals worldwide.  *Id.*

Defendant, Northern Trust Investments, N.A. ("NTI"), has its principal place of business in Chicago, Illinois.  *Id. at ¶13.*  NTI acts as custodian to the custody account created for the purpose of facilitating investments in one or more collective funds. *Id.* NTI is also trustee to the NTGI-QM Trust and trustee to the various Collateral Pools and collective funds that invested cash collateral provided by borrowers in the securities lending program.  *Id.*

Plaintiff brings this action on behalf of a putative class that consists of all plans who owned securities in the Northern Trust Global Investments-Quantitative Management Collective Funds Trust ("NTGI-QM Trust") and were, pursuant to the Collective Fund Custody Agreement

("Custody Agreement"), participants in Defendants' securities lending program which, through one or more of the collective investment vehicles managed by Defendants or its affiliates, incurred losses (the "Class"). *Id. at ¶1.*

Securities Lending refers to the lending of securities by one party to another. Generally, the terms of the loan are governed by a securities lending agreement and requires that the borrower provide the lender with collateral in the form of cash, government securities or a letter of credit of value equal to or greater than the loaned securities. The primary reason for borrowing securities are market making, hedging, and arbitrage trading purposes. As an intermediary between the lender [the Plans] and the borrower and as an agent on behalf of the Plans, Northern Trust invests the collateral provided by the borrower in accordance with specific investment guidelines agreed upon between Northern Trust and the Plans.

On or about July 19, 2004 Plaintiff, on behalf of the Plan, entered into a Custody Agreement wherein NTI was appointed as custodian to maintain in the name of the Plan a custody account for the purpose of facilitating investment in one or more collective funds maintained by NTI as collective fund trustee under the NTGI-QM Declaration of Trust. *Id. at ¶ 16; Id., Exhibit 1 attached to Amended Complaint.*

Plaintiffs allege, inter alia, that Defendants breached their fiduciary duty causing the Plaintiff and putative class members to sustain losses.

### III. <u>Legal Argument</u>

#### A. <u>Statement of Authority</u>

Venue is established pursuant to 28 U.S.C. § 1391 which provides in pertinent part:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2)

a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

(c) For purposes of venue under this chapter a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391 (a)-(c)

The Court may order a change of venue:

[F]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a)

A Plaintiff may move for a change of venue.  *United States v Kunkle,* 2006 U.S. Dist.

Lexis 8654, 97 A.F.T.R. 1476 (W.D. Mich. 2006) (attached as Exhibit 1).  *Philip Carey Mfg. Co.*

*v Taylor*, 286 F.2d 782 (6th Cir. 1961), 366 U.S. 948, 6 L.Ed.2d 1242, 81 S.Ct. 1903. See also

*Thompson Products, Inc. v Pennsylvania R. Co.* 147 F. Supp. 449 (D.C.N.Y. 1955); *Roberts*

*Bros., Inc. v Kurtz Bros.,* 236 F. Supp. 471 (D.C. NJ. 1964); *Farmer Bros. Co v Coca-Cola Co.,*

4

366 F Supp 725  (S.D.Tex. 1973) (plain language of 28 U.S.C. § 1404 does not restrict its use

solely to defendants.)   See also *Ziegler v Dart Industries, Inc.* 383 F. Supp. 362 (D.C. Del. 1974)

 A plaintiff is not bound by his choice of forums if he later discovers there are good

reasons for transfer.  *Philip Carey, supra;  United States v United Air Lines, Inc.* 216 F. Supp.

709, (D.C. Nev. 1962), *aff'd in part and mod. in part on other grounds,* 336 F.2d 379 (9th 1964),

cert dismissed, 379 U.S. 951, 13 L.Ed. 2d 549, 85 S.Ct. 452 (1964)*; Hawkins v General Controls*

*Corp.* 225 F. Supp. 971 (S.D.N.Y. 1964).

 The existence of a valid forum-selection clause does not necessarily prevent selected

forum from ordering transfer of case under 28 U.S.C. 1404(a).  *Kerobo v Southwestern Clean*

*Fuels, Corp. 285 F.3d 531 (6th Cir 2002).     McNic Oil & Gas Co. v Ibex Resources Co.* 23 F.

Supp. 2d 729 (E.D. Mich 1998). Congress set down factors that it thought should be decisive on

motion for transfer, and only one of these –convenience of parties – is properly within the power

of the parties themselves to affect by forum-selection clauses; and other factors—convenience of

witnesses and interests of justice—are third party or public interest that must be weighed by the

District Court and they cannot be automatically outweighed by existence of purely private

agreement between the parties.  *Plum Tree Inc. v Stockment, 488 F.2d 754* (3d Cir. 1973); *Essex*

*Crane Rental Corp v Vic Kirsch Constr. Co* , 486 F. Supp. 529 (S.D.N.Y. 1980).  See also *Full-*

*Sight Contact Lens Corp. v Soft Lenses, Inc.* 466 F. Supp. 71 (S.D.N.Y. 1978) (forum selection

clause is merely one of many factors to be considered by court in determination of motion for

transfer of venue pursuant to 28 U.S.C. § 1404.)

  B. <u>Discussion</u>

 Plaintiff's Motion to Change Venue establishes the requisite criteria that transfer to the

Northern District of Illinois is to a district where the case "might have brought," the convenience

of the parties favor transfer and transfer is in the interest of justice.  *Kunkle, supra at 6.*   "The purpose of the statute is to prevent the waste of time, energy, money, and to prevent litigants, witnesses and the public against unnecessary inconvenience and expense." Id., quoting *VanDusen v Barrack,* 376 U.S. 612, 622 (84 S.Ct. 805, 11 L.Ed. 2d 945 (1964).

In the instant case, multiple related putative class actions are already pending in the Northern District of Illinois.  Litigating these cases in the same jurisdiction and moving for consolidation upon transfer will allow these issues to be adjudicated in the same forum, saving time, expense, and judicial resources.

### IV.    Relief Requested

Wherefore, Plaintiff respectfully requests this Honorable Court enter an order pursuant to 28 U.S.C. § 1404(a) transferring this matter to the Northern District of Illinois, Eastern Division.

Respectfully submitted,

s/Sharon S. Almonrode
Sullivan, Ward, Asher & Patton, P.C.
salmonrode@swappc.com
P33938

### CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record**.**

/s/ Sharon S. Almonrode
Sullivan, Ward, Asher & Patton P.C.
1000 Maccabees Center
25800 Northwestern Highway
Southfield, MI 48075-8412
248.746.0700
salmonrode@swappc.com
P33938